**Original filed 5/1/06

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSE GRANT, III, | ) | No. C 06-1973 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| | ) | |
| v. | ) | |
| | ) | |
| BUCHANAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | (Docket No. 3) |

Plaintiff, proceeding pro se, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against his public defender, Mrs. Buchanan, and the Hayward Public Defenders Office. Plaintiff also filed an application to proceed in forma pauperis. Plaintiff alleges that Defendant Buchanan knew he was innocent of all charges and that he served one-hundred and sixty-three days in custody for possession of a controlled substance. Plaintiff seeks monetary damages and injunctive relief. The Court concludes that Plaintiff's claim is not cognizable under 42 U.S.C. § 1983 and will DISMISS the complaint. Plaintiff's application to proceed in forma pauperis (docket no. 3) is DENIED as moot.

\\\

# DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Legal Claim**

Plaintiff alleges that Defendant Buchanan knew he was innocent and advised him to plead guilty to possession of drugs, resulting in his sentence of one-hundred and sixty-three days in custody. A public defender, however, does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. See Polk County v. Dodson, 454 U.S. 312, 318-19 (1981). Under a Polk County analysis, it is immaterial that the public defender failed to exercise independent judgment or that he was employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative. See Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (en banc).

Here, Plaintiff alleges that defendant Buchanan knew he was innocent but advised him to plead guilty to possession of drugs. Because providing advice regarding a plea bargain is a traditional function of a lawyer, Defendant Buchanan, in advising Plaintiff to

accept the plea bargain, was not acting under color of state law.

As Defendant Buchanan was not acting under color of state law when representing Plaintiff, Plaintiff's claim against Defendant Buchanan is not cognizable under § 1983. Similarly, Plaintiff fails to state a cognizable claim against the Public Defenders Office as a Defendant in this action.

Although the Court generally grants leave to amend after an initial screening of the complaint under 28 U.S.C. 1915A, the Court concludes that here, leave would serve no purpose as a viable civil rights claim cannot be stated against Plaintiff's public defender or the Public Defender's Office.  This, of course, does not mean that Plaintiff is precluded from seeking a remedy in state court for the failure to provide representation that meets the standard for effective representation.

## CONCLUSION

Plaintiff's complaint is hereby DISMISSED for failure to state a cognizable claim pursuant to 42 U.S.C. § 1983.  Based upon this dismissal, Plaintiff's application to proceed in forma pauperis (docket no. 3) is DENIED as moot.  No filing fee is due.  The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 4/27/06

JEREMY FOGEL
United States District Judge

1  This is to certify that a copy of this ruling was mailed to the following:

Jesse Grant, III
AQY-327
Santa Rita Jail
5325 Broder Blvd.
Dublin, CA 94568

Order of Dismissal
P:\pro-se\sj.jf\cr.06\Grant973dis           4